UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL GRESHAM,

        Petitioner,        Case No. 1:10-cv-1214

v.        Honorable Janet T. Neff

WILLIE O. SMITH,

        Respondent.
_____/

**ORDER OF TRANSFER
TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at Ionia Maximum Correctional Facility. On April 17, 2000, Petitioner was convicted in the Kent County Circuit Court of two counts of first-degree criminal sexual conduct (CSC), felon in possession of a firearm, and possession of a firearm during the commission of a felony. The trial court sentenced Petitioner to imprisonment of 23 to 75 years for the CSC convictions, 2 to 10 years for the felon-in-possession conviction, and 2 years for the felony-firearm conviction. Petitioner's direct appeal concluded when the Michigan Supreme Court denied his application for leave to appeal on October 29, 2002. On April 21, 2003, Plaintiff filed a motion for relief from judgment in the state circuit court, which was denied. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on August 16, 2005. Petitioner claims that he attempted to file an appeal in the Michigan Supreme Court, but that the Michigan Supreme Court Clerk never received his filing.

Petitioner filed his first application for habeas corpus relief in this Court on or about October 22, 2009. On April 26, 2010, the Court dismissed the petition because it was barred by the one-year statute of limitations. *See Gresham v. Capello*, 2:09-cv-229 (W.D. Mich.)

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect.

---

[1] When the initial petition was filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

*Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's previous habeas action was dismissed as time-barred, thus the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

| | |
|---|---|
|  December 16, 2010  | /s/ Janet T. Neff |
| Date | Janet T. Neff |
| | United States District Judge |